**SHUNWEI ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2429–ag.

United States Court of Appeals, Second Circuit.

Dec. 12, 2006.

Jim Li, New York, NY, for Petitioner.

David R. Dugas, United States Attorney for Middle District of Louisiana, James L. Nelson, Catherine M. Mariast, Assistant United States Attorneys, Baton Rouge, LA, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Shunwei Zheng, a citizen of the People's Republic of China, seeks review of an April 28, 2006 order of the BIA affirming the October 25, 2004 decision of Immigration Judge ("IJ") Annette S. Elstein denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Tor-

ture ("CAT"). *In re Shunwei Zheng,* No. A79 296 488 (B.I.A. Apr. 28, 2006), *aff'g* No. A79 296 488 (Immig. Ct. N.Y. City Oct. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Here, a reasonable adjudicator would not be compelled to find that Zheng testified credibly. The IJ pointed to specific vague and inconsistent statements Zheng made during his hearing to support her adverse credibility finding. On careful review of the record, there is ample evidence that Zheng testified vaguely—about where he obtained his books, whether it was illegal to buy or read them and why he had no records of the books he had bought and sold. In addition, substantial evidence supports the IJ's finding that there was a discrepancy in Zheng's household registry, where it was renewed three months after he alleged that he had opened his bookstore and where the document indicated that he was a student at the time. The IJ also reasonably rejected Zheng's explana-

tion that the document simply contained an error because officials may have mistakenly copied old information from his previous household registry. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006).

It was not unreasonable for the IJ to have found that Zheng testified inconsistently about how he was notified that the police closed his store. Initially he stated that his employee called his house the day the police closed his store, but later stated that she made the phone call the next day. These inconsistencies go to the heart of Zheng's claim because they call into question whether he ever owned a bookstore. The lack of specific corroborating evidence further supports the IJ's finding that Zheng failed to meet his burden of proof. For example, Zheng stated he had paid monthly taxes on his business for two years and that he kept two receipts from his tax payments but failed, when prompted, to explain why he had not kept or submitted additional receipts.

Finally, in his brief to this Court, Zheng did not challenge the agency's findings that he failed to establish eligibility for withholding of removal or CAT relief. Accordingly, these issues are deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).